Eastern District of Kentucky
FILED
JUN 2 3 2010
At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 09-344-HRW

RICKY CROUSE,                                                     PLAINTIFF,

v.                  **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff protectively filed an application for supplemental security income benefits on January 16, 2007, alleging disability beginning on September 1, 1989, due to bipolar and other mental problems, diabetes, high blood pressure and panic attacks (Tr. 54, 105). This application was denied initially and on

reconsideration. On November 5, 2008, an administrative hearing was conducted by Administrative Law Judge Donald Rising (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, James H. Miller, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On March 30, 2009, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 13-24). Plaintiff was 44 years old at the time of his application. He has at least a high school education and past relevant work experience (Tr. 23).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date (Tr.15).

The ALJ then determined, at Step 2, that Plaintiff suffers from hypertension, diabetes, affective disorder and anti-social personality disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 15-20).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 20-21).

The ALJ then determined that Plaintiff has the residual functional capacity ("RFC") to perform medium work with certain limitations as set forth in the hearing decision (Tr. 21-23).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 24). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on August 27, 2009 (Tr.

2-4).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

## III. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence

4

supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly rejected the opinion of Vassili Arkadiev, M.D. and (2) the ALJ did not consider the combined effect of his impairments..

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ improperly rejected the opinion of Vassili Arkadiev, M.D. Dr. Arkadiev has suggested severe limitations in Plaintiff's mental functioning.

The weight afforded to a physician's opinion turns upon the duration of his or her relationship with the claimant, the evidence the physician presents in support of the opinion and the consistency of the opinion with the record as a whole. *See* 20 C.F.R. § 416.927 (d).

The record establishes that Dr. Arkadiev saw Plaintiff on only two occasions, in January and May of 2008. Therefore, the ALJ correctly found that he is not to be considered a treating source.

Further, Dr. Arkadiev's notes reveal no objective medical findings which would lend support to the extreme limitations suggested by him. Indeed, there are

no objective findings in the record as a whole which would form a basis for this opinion.

Moreover, the only treatment suggested by Dr. Arkadiev is conservative. There are no recommendations of inpatient treatment.

Finally, Dr. Arkadiev's opinion is inconsistent with the other medical opinions and findings of record. Indeed, the bulk of the medical evidence reflects minimal findings are in accord with the limitations set forth in the ALJ's RFC.

The Court having reviewed the record finds no error in the ALJ's consideration and rejection of Dr. Arkadiev's opinion.

Plaintiff's second claim of error is that the ALJ did not consider the combined effect of his impairments.

A review of the decision clearly shows that the ALJ considered Plaintiff's impairments as a while in rendering his findings. Such articulations have been found to be sufficient upon review. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). Indeed, the Sixth Circuit Court of Appeals stated in *Loy v. Secretary of Health and Human Services*, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet

the listings." *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The Court finds that the ALJ's approach in this case passes *Gooch* and *Loy* muster and that Plaintiff's argument in this regard is without merit.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This ___ day of June, 2010.

_____
Henry R. Wilhoit, Jr., Senior Judge